UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/21/2021__
```

-------------------------------------------------------X

JAY WALLACE and FOX NEWS
NETWORK, LLC,

                        Movants,

            -against-

DON BLANKENSHIP,

                        Respondent.

-------------------------------------------------------X

21-MC-778 (VSB)

**ORDER**

<u>VERNON S. BRODERICK, United States District Judge</u>:

       Movants Jay Wallace ("Wallace") and Fox News Network, LLC ("Fox News") filed this miscellaneous action on October 19, 2021.  (Doc. 1.)  They seek to quash a subpoena served on Wallace by the Respondent (*see* Doc. 4-1 ("Subpoena")), which seeks to take Wallace's deposition for use in litigation before the United States District Court for the Southern District of West Virginia (the "Underlying Action").  (Doc. 3 ("Quash Mot.").)  In the Underlying Action, Respondent is the plaintiff, and he is pursuing claims against a number of defendants, including Fox News.  *See Blankenship v. Fox News Network, LLC*, 2:19-cv-00236 (S.D. W. Va.).  In that action, discovery is closed, and summary judgment motions are pending.  (Quash Mot. 1 (citations omitted).)

       In support of their motion to quash, Movants' arguments generally touch on whether the Subpoena is proper given the posture and merits of the Underlying Action.  They say, for example, that the court "in the [U]nderlying [A]ction has admonished the parties" not to take "discovery 'past the deadline'" unless it is "*absolutely necessary*;" that discovery has closed in the Underlying Action; and that there is no basis to infer that Wallace had anything to do with the facts giving rise to Respondent's claims in the Underlying Action.  (*See* Quash Mot. 10–11

(citations omitted).)  They also ask me to make determinations regarding whether discovery from Wallace "is necessary" for the Underlying Action—they say, if I think Wallace may have discoverable information that would aid the Underlying Action, then I should limit the discovery Respondent can take to "the less burdensome methods of interrogatories or a deposition by written question."  (Quash Mot. 12–13.)

Given that Movants' arguments all concern case management and merits issues in the Underlying Action, their motion is best suited to be adjudicated by the court where the Underlying Action is pending.  "A judge who is fully familiar with the underlying litigation is in a better position to resolve such issues than a judge in a different district with no knowledge of the case," and such concerns support transferring discovery disputes like this one to the court where underlying litigation is pending.  *See, e.g.*, *Stanziale v. Pepper Hamilton LLP*, No. M8-85 (PART I) (CSH), 2007 WL 473703, at *5 (S.D.N.Y. Feb. 9, 2007); *Google LLC v. Fortress Inv. Grp. LLC*, 20 MISC. 132 (KPF), 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020).

Accordingly, no later than October 25, 2021, Movants are to file a two-page letter explaining whether they consent to have this action transferred to the court where the Underlying Action is pending, and if not, why not.  *See* Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.").

SO ORDERED.

Dated:    October 21, 2021
          New York, New York

VERNON S. BRODERICK
United States District Judge